Anoush Hakimi (State Bar No. 228858)
*anoush@handslawgroup.com*
Peter Shahriari (State Bar No. 237074)
*peter@handslawgroup.com*
**THE LAW OFFICE OF HAKIMI & SHAHRIARI**
7080 Hollywood Blvd., Suite 804
Los Angeles, California 90028
Telephone: (323) 672 – 8281
Facsimile: (213) 402 – 2170

Attorneys for Plaintiff,
**JAMES SHAYLER**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES SHAYLER,<br>Plaintiff,<br><br>vs.<br><br>SHAMRIZ LEGACY PARTNERS, LLC, a California limited liability company; and Does 1-10,<br>Defendants. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF: AMERICAN'S WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 ET SEQ.; UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 ET SEQ.** |

Plaintiff James Shayler (hereinafter referred to as "Plaintiff"), complains of Shamriz Legacy Partners, LLC, a California limited liability company and Does 1-10 (each, individually a "Defendant" and collectively "Defendants") and alleges

as follows:

## I. PARTIES

1. Plaintiff is a California resident with physical disabilities. Plaintiff has undergone two knee replacement surgeries and suffers from an acute pinched sciatic nerve as well as arthritis. He has difficulty walking and standing. Plaintiff also has limited range of movement in his legs. Plaintiff is mobility impaired and uses a walker as needed. Plaintiff is qualified as being disabled pursuant to 42 USC Section 12102(2)(A), the California Unruh Civil Rights Act, Sections 51, et seq. and 52, et seq., and other statutory laws which protect the rights of "disabled persons". Plaintiff has been issued a blue permanent disability Disabled Person Parking Placard by the State of California.

2. Defendants owned the property ("Property") located at 2221 Lincoln Blvd., Suite 200, Santa Monica, California 90405, at all relevant times.

3. There are several business establishments on the Property including Dr. Douglas Hopper's medical office (hereinafter the "Medical Office").

4. DOES 1 through 10 were at all relevant times lessors, lessees, property owners, subsidiaries, parent companies, employers, employees, agents, corporate officers, managers, principles and/or representatives of Defendants. Plaintiff is unaware of the true names and capacities of Defendants sued herein, as DOES 1 through 10, inclusive, and therefore, sues those Defendants by fictitious names. Plaintiff requests that the Court grant leave to amend this complaint to allege the true names and capacities when determined by whatever source.

5. Plaintiff alleges that Defendants at all times have been and are relevant to this cause of action, the owners, franchisees, lessees, general partners,

limited partners, agents, employees, employers, represent partners, subsidiaries, partner companies, and/or joint ventures of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiff is further informed and believes and alleges that each of the Defendants gave consent to, ratified, and/or authorized the acts alleged of each of the remaining defendants.

6. Plaintiff visited the public accommodations owned and operated by Defendants with the intent to purchase and/or use the goods, services, facilities, privileges, advantages or accommodations operated and/or owned by Defendants.

## II. JURISDICTION & VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the American with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. (the "ADA").

8. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the ADA.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiffs cause of action arose in this district.

## III. FACTS

10. The Property owned by Defendants is a facility which is open to the public and is a business establishment.

11. Plaintiff alleges that the Property has been newly constructed and/or underwent remodeling, repairs, or alterations since 1992, and that Defendants have

failed to comply with California access standards which applied at the time of each new construction and/or alteration or failed to maintain accessible features in operable working condition.

12. Plaintiff visited the Property during the relevant statutory period on two (2) separate occasions including in February 2019 and March 2019 to receive medical treatment.

13. Defendants did not offer persons with disabilities with equivalent facilities, privileges and advantages offered by Defendants to other patrons.

14. Plaintiff encountered barriers (both physical and intangible) that interfered with – and denied – Plaintiff the ability to use and enjoy the goods, services, privileges and accommodations offered at the Property.

15. Parking for patrons visiting the Property are among the facilities, privileges, and advantages offered by Defendants to patrons of the Property.

16. However, there is no accessible parking for disabled persons. None of the parking spaces designated for disabled persons comply with the Americans with Disabilities Act ("ADA").

17. The parking area does not comply with the latest California Building Codes ("2010 CBC Code").

18. When Plaintiff visited the Property, he experienced access barriers related to parking and the paths of travel to the entrances.

19. There is a sign posted at the off-street parking entrance regarding displaying "distinguishing placards or license plates for physically handicapped persons," but it does not include the mandated language or provide that persons without a disabled parking placard are prohibited from parking in accessible

parking spaces. 2010 CBC Code 1129B.4. The language on the sign is confusing and incomprehensible.

20. The parking spaces that are designated as disabled parking spaces do not include the words "Minimum fine $250" on the included signage. 1991 ADA Code § 4.6.4; ADA 2010 Code § 502.6.

21. The designated disabled parking spaces measure less than 18 feet long. 2010 CBC Code 1129B.3; ADA 2010 § 502.2. The spaces measures less than 9 feet wide. 2010 CBC Code Section 1129B.3; 1991 ADA § 4.6.3; ADA 2010 § 502.2. This makes it difficult for Plaintiff to park in the designated space.

22. The designated disabled parking spaces loading and unloading adjacent access aisle was less than 18 feet long. 2010 CBC 1129B.3.1; ADA 1991 Code § 4.6.3; ADA 2010 Code § 502.3. This makes it hard for Plaintiff to disembark his vehicle.

23. The paint used for the designated accessible parking spaces was faded and cannot be seen. There was no compliant surface signage at the designated disabled parking space. The International Access Symbol was so faded and worn, it cannot be read. 2010 CBC 1129B.4.1. The street surface (pavement) signage was unreadable because the paint has faded and cracked. 2010 CBC Code 1129B.4.1 & 2.

24. The parking spaces adjacent loading and unloading access aisle did not say “No Parking”. 2010 CBC 1129B.3.1.

25. The ground surface of the parking lot was severely cracked, broken and uneven. 2010 CBC Section 1133B.7.1; ADA 1991 Code § 4.5.1; ADA 2010 Code § 302.1.

26. There is no safe way for Plaintiff to park there and then travel to the entrance of the Property. Plaintiff is forced to travel a dangerous route, behind parked cars and in the vehicle drive path to move from the space to the entrance.

27. There was also no marked path of travel from the disabled parking space to the entrance. 2010 CBC 1129B.3.1; ADA 1991 Code § 4.6.3; ADA 2010 Code § 502.3.

28. The only path of travel from the disabled parking space has damaged asphalt on the ground which is uneven. The damaged asphalt on the ground is uneven with loose material. There are cracks and uneven surfaces. The surface of the ground within the designated path of travel leading into the entrance of Medical Office. 2010 CBC Code 1120B.2; ADA 2010 section 302.1. This makes walking in this area difficult.

29. There is no directional signage showing an accessible path of travel. 2010 CBC Code Section 1117B.5.1.2; ADA 2010 § 216.3.

30. The path to the entrance to the Medical Office has changes in level greater than 1/2 inch but provides no ramps. These steep changes in level create uneven surfaces. 2010 CBC Code 1133B.7.4; ADA 2010 section 303.3.

31. The Medical Office is on the second floor, and on multiple occasions the elevator at the Property was not operational. The lack of an operational elevator made it difficult for Plaintiff to access the Medical Office. 2010 CBC Code Section 1007.1; ADA 4.3.10.

32. Plaintiff personally encountered these barriers.

33. These inaccessible conditions denied Plaintiff full and equal access and caused difficulty, humiliation and frustration.

34. The barriers existed during each of Plaintiff's visits in 2019.

35. Plaintiff alleges that Defendants knew that the architectural barriers prevented access. Plaintiff will prove that Defendants had actual knowledge that the architectural barriers prevented access and that the noncompliance with the ADAAG and Title 24 of the California Building Code regarding accessible features was intentional.

36. Plaintiff intends to return to Defendants public accommodation facilities in the near future. Plaintiff is currently deterred from returning because of the knowledge of barriers to equal access that continue to exist at Defendants' facilities that relate to Plaintiff's disabilities.

37. Defendant has failed to maintain in working and useable conditions those features necessary to provide ready access to persons with disabilities.

38. Defendants have the financial resources to remove these barriers without much expense or difficulty in order to make their Property more accessible to their mobility impaired customers. These barriers are readily achievable to remove. The United States Department of Justice has identified that these types of barriers are readily achievable to remove.

39. To date, Defendants refuse to remove these barriers.

40. On information and belief, the Plaintiff alleges that the Defendants' failure to remove these barriers was intentional because the barriers are logical and obvious. During all relevant times Defendants had authority, control and dominion

over these conditions and therefore the absence of accessible facilities was not a mishap but rather an intentional act.

41. These barriers to access are described herein without prejudice to Plaintiff citing addition barriers to access after inspection by plaintiff's access agents, pursuant to *Doran v 7-ELEVEN, Inc.* 524 F3d 1034 (9th Cir. 2008) (holding once a plaintiff encounters one barrier at a site, a plaintiff can sue to have all barriers that relate to their disability removed regardless of whether they personally encountered them).

**IV. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. section 12101, et seq.)**

(Against All Defendants)

42. Plaintiff alleges and incorporates by reference each and every allegation contained in all prior paragraphs of this complaint.

43. Title III of the ADA prohibits discrimination against any person on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases or leases to, operates a place of public accommodation. U.S.C. § 12182(a).

44. Defendants discriminated against Plaintiff by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of Defendant's facility during each visit and each incident of deterred visit.

45. The acts and omissions of Defendants herein are in violation of Plaintiff's rights under the ADA and the regulations under 28 C.F.R. Part 36, *et seq.*

46. Pursuant to the ADA, discrimination is a "failure to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford goods, services, facilities, privileged, advantages or accommodation to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii).

47. The ADA prohibits failing to remove structural architectural barriers in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36.

48. In the event removal of any barrier is shown to not be readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

49. Plaintiff alleges that Defendants can easily remove the architectural barriers at their facility without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers because it was readily achievable to do so. Defendants can afford such costs given they are a fraction of what the Defendants takes in rental profits for such a large and expensive property.

50. In the alternative, if it was not "readily achievable" for Defendants to remove the facilities barriers, the Defendants violated the ADA by failing to make

the required services available through alternative methods, which are readily achievable.

51. On information and belief, the facility was modified after January 26, 1992, mandating access requirements under the ADA.

52. The ADA requires that facilities altered in a manner that affects or could affect its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. §12183(a)(2).

53. Plaintiff alleges that Defendants altered the facility in a manner that violated the ADA and was not readily accessible to physically disabled persons, including Plaintiff, to the maximum extent feasible.

54. The ADA also requires reasonable modification in policies, practices, or procedures when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

55. Plaintiff alleges that Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the facility when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

56. Plaintiff seeks a finding from this Court that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act for Disable Persons Act.

57. Here the Defendants' failure to make sure that accessible facilities were available and ready to be used by the Plaintiff is a violation of law.

58. Plaintiff would like to continue to frequent Defendants' facility, but Plaintiff has been discriminated against and continues to be discriminated against because of the lack of accessible features.

59. Among the remedies sought, Plaintiff seeks an injunction order requiring compliance with the state and federal access laws for all the access violations that exist at the Property.

## V. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH ACT (Cal. Civ. Code § 51-53.)

(Against All Defendants)

60. Plaintiff repleads and incorporates by reference, as fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

61. California Civil Code § 51 states, in part: All persons within the jurisdictions of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

62. California Civil Code § 51 also states, in part: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

63. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

64. The Unruh Act also provides that a violation of the ADA, or California state accessibility regulations, is a violation of the Unruh Act. Cal Civ. Code, § 51(f); Arnold v. United Artists Theatre Circuit, Inc., 866 F. Supp. 433, 439 (N.D.Cal.1994).

65. Defendants' above-mentioned acts and omissions have violated the Unruh Act by denying Plaintiff rights to full and equal use of the accommodations, advantages, facilities, privileges and services they offer, on the basis of Plaintiff's disability.

66. Defendants' above-mentioned acts and omissions have also violated the Unruh Act by denying Plaintiff rights to equal access pursuant to the ADA and are liable for damages. (Civ. Code § 51(f), 52(a)).

67. Because violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the Plaintiff, the Defendants are also each responsible for statutory damages, such as a civil penalty. (Civ. Code § 52).

68. Plaintiff was damaged by Defendants' wrongful conduct and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendants, as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans for Disabilities Act and the Unruh Civil Rights Act. Note: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Person Acts.
2. Damages under the Unruh Civil Rights Act which provides for actual damages and a statutory minimum of $4,000 per each offense.
3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code § 52.

///

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Dated: June 4, 2019

**THE LAW OFFICE OF HAKIMI & SHAHRIARI**

By: /s/Anoush Hakimi
Anoush Hakimi, Esq.
Attorneys for Plaintiff James Shayler