Anoush Hakimi (State Bar No. 228858)
*anoush@handslawgroup.com*
Peter Shahriari (State Bar No. 237074)
*peter@handslawgroup.com*
**THE LAW OFFICE OF HAKIMI & SHAHRIARI**
7080 Hollywood Blvd., Suite 804
Los Angeles, California 90028
Telephone: (323) 672 – 8281
Facsimile: (213) 402 – 2170

Attorneys for Plaintiff,
**JAMES SHAYLER**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SHAYLER,<br><br>     Plaintiff,<br><br>  v.<br><br>SHAMRIZ LEGACY PARTNERS, LLC., a California limited liability company; and Does 1-10,<br><br>     Defendants. | Case No.: 2:19-cv-04878-SVW-KS<br><br>**SUPPLEMENTAL PLAINTIFF'S CASE STATEMENT** |

Pursuant to the Court's July 5, 2019 Order (ECF Document No. 13), Plaintiff provides the following Supplemental Plaintiff's Case Statement. Since the filing of Plaintiff's original Plaintiff's Case Statement, Plaintiff's counsel has learned of additional, egregious violations of Plaintiff's civil rights by the Defendant (at the direction of Defendant's counsel) in this matter.

During the course of this litigation, Dr. Benjamin Behroozan, the owner of Defendant, Shamriz Legacy Partners, LLC, violated Plaintiff's civil rights under

SUPPLEMENTAL   PLAINTIFF'S   CASE
STATEMENT

the Tom Bane Civil Rights Act (California Civil Code Section 52.1 et sq.). *Plaintiff was punished by intimidation and coercion by his medical provider for enforcing his civil rights.*

## A. NEW CONDUCT – TOM BANE CIVIL RIGHTS ACT

Section 52.1(b) of the California Civil Code provides in relevant part that "[i]f a person or persons, whether or not acting under color of law, interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state, the Attorney General, or any district attorney or city attorney may bring a civil action for injunctive and other appropriate equitable relief in the name of the people of the State of California, in order to protect the peaceable exercise or enjoyment of the right or rights secured." Section 52.1(c) of the California Civil Code provides in relevant part that "[a]ny individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured, including appropriate equitable and declaratory relief to eliminate a pattern or practice of conduct as described in subdivision (a)."

After filing his accessibility lawsuit, Plaintiff returned to the medical clinic to get continued medical treatments – Plaintiff was subjected to threats,

SUPPLEMENTAL PLAINTIFF'S CASE STATEMENT

intimidation and coercion by the doctor for exercising his civil rights. This type of conduct is prohibited by the Civil Code Section 52.1, also known as the Tom Bane Civil Rights Act.

In August 2019, Plaintiff returned to the medical office which is the subject of this lawsuit. Plaintiff encountered a Dr. Benjamin Behroozan, who identified himself as the ***Plaintiff's new doctor and owner of the building***. Dr. Behroozan led Plaintiff into an examination room, and proceeded to interrogate him about this current lawsuit. Rather than provide medical attention, which was the reason Plaintiff came to the medical clinic, Dr. Behroozan proceeded to question Plaintiff about his case. Dr. Behroozan tried to explain why the elevator was broken for so long (several months), saying that he had ordered a part for the elevator but it took a while to arrive. Dr. Behroozan then proceeded to negotiate the terms of settlement with Plaintiff, in his exam room. Dr. Behroozan intimidated Plaintiff, asking him to lower the settlement demand and terminate his attorneys. He proposed a de minimus amount, effectively attempting to use his position of power and authority over Plaintiff to intimidate, coerce and therefore cheat Plaintiff out of his case.

## B. DISTURBING FACTS THAT DEFENDANT'S ATTORNEY STEPHEN E. ABRAHAM INSTRUCTED DR. BEHROOZIAN TO TALK TO PLAINTIFF OUTSIDE OF COUNSEL

During their August 2019 encounter, when Dr. Behroozan informed Plaintiff that Plaintiff should terminate Plaintiff's counsel and settle the case directly with Dr. Behroozan, he said that, that all of this conduct was permissible according to Defense Counsel Stephen E. Abraham. Dr. Behroozan further said that according to Defense Counsel Stephen E. Abraham settling without Plaintiff's counsel

SUPPLEMENTAL PLAINTIFF'S CASE STATEMENT

involved would be the fastest way to settle the case, and if Plaintiff didn't do this then Dr. Behroozan and his attorney, Stephen E. Abraham, would take the matter through trial. Dr. Behroozan said that, according to Defendant's counsel Stephen E. Abraham, it was perfectly legal for Dr. Behroozan to question Plaintiff regarding his case when Plaintiff visited Defendant's business. It appears therefore that this conduct was sanctioned by and done at the direction of Mr. Abraham, and Dr. Behroozan was acting as an agent of Mr. Abraham. This conduct implicates a question of attorney ethics, in addition to the questions of medical ethics raised by Dr. Behroozan's actions.

### C. NEW ILLEGAL CONDUCT

In light of the additional new illegal conduct, the Plaintiff's Case Statement should also include the above facts and legal issues.

### D. WARNING TO DEFENDANT AND ITS TENANTS

Defendant's conduct in this case has become exacerbated by new different conduct which need not occur. In the interest of respecting Federal and California disability and patient safety laws, Plaintiff hereby requests cessation of intimidation and coercion so that he may continue to receive necessary medical treatment without being retaliated against for enforcing his civil rights.

DATED: September 23, 2019          THE LAW OFFICE OF HAKIMI & SHAHRIARI


By:   /s/ Peter Shahriari, Esq.
      PETER SHAHRIARI, ESQ.
      Attorneys for Plaintiff James Shayler

SUPPLEMENTAL   PLAINTIFF'S   CASE STATEMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SUPPLEMENTAL   PLAINTIFF'S   CASE
STATEMENT